UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

    v.

MARTIN SILVER,

                Judgment Debtor.

20 CR 360 (AKH)

**NOTICE OF STIPULATION AND PROPOSED ORDER**

PLEASE TAKE NOTICE that, pursuant to Local Rule 77.1 of the Civil Rules of this Court,[1] the undersigned presents the attached Stipulation executed by the parties to the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007 for submission to the Honorable Alvin K. Hellerstein on September 11, 2024.

Dated: New York, New York
       September 11, 2024

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

       By:    */s/ Melissa A. Childs*
              MELISSA A. CHILDS
              Assistant United States Attorney
              86 Chambers Street, 3rd Floor
              New York, New York 10007
              Tel.: (212) 637-2711
              E-mail: melissa.childs@usdoj.gov

---

[1] *See* 18 U.S.C. §§ 3613(a) and (f) (United States enforces criminal judgments in accordance with the practices and procedures for the enforcement of civil judgments under Federal law or State law).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Judgment Creditor,

v.

MARTIN SILVER,

    Judgment Debtor,

and

THE VANGUARD GROUP, INC.,
BRIGHTHOUSE FINANCIAL, INC.,
COMPUTER SHARE, and AON,

    Third-Party Respondents.

20 CR 360 (AKH)

**STIPULATION
EXTENDING FEDERAL LIEN
ON PERSONAL PROPERTY**

    WHEREAS, the Court sentenced the judgment debtor, MARTIN SILVER, imposing a $300 special assessment and restitution in the amount of $364,402,116.08 on February 8, 2023;

    WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, notwithstanding any other federal or state law, a lien arose on all of Silver's property and rights to property;

    WHEREAS, pursuant to 18 U.S.C. §§ 3613(a), 3664(m), and N.Y. CPLR §§ 5222, 5224, the Government served Restraining Notices and Information Subpoenas on third-party respondents, The Vanguard Group, Inc. ("Vanguard"), Brighthouse Financial, Inc., Computershare, and Aon, to withhold and disclose Silver's nonexempt property;

    WHEREAS Vanguard answered that it holds substantial nonexempt property belonging to Silver, namely two accounts with a total approximate value of $3,340,143 subject to market fluctuation: one rollover IRA brokerage account number ending in 0463 with an approximate value

of $3,331,459, and one brokerage account number ending in 7208 with an approximate value of 8,684;

WHEREAS Brighthouse answered that it holds a life insurance policy number ending in 27USU with a cash surrender value of approximately $271,149, subject to market fluctuation, belonging to Silver;

WHEREAS Computershare answered that it holds shares of MetLife, Inc. with an approximate value of $35,059 and Brighthouse Financial, Inc. with an approximate value of $2,580, subject to market fluctuation;

WHEREAS Aon answered that AICPA Insurance Trust/Aon Securities LLC holds a life insurance policy number ending in 4273 with a cash surrender value of approximately $157,420 belonging to Silver;

WHEREAS the Government served Silver with the restraining notices, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613;

WHEREAS Silver has paid his $300 special assessment and $40,625 toward the outstanding restitution, while his jointly and severally liable codefendant David Hu has paid $3,666,624 toward restitution via the liquidation and turnover of his nonexempt assets, leaving a principal balance of $360,694,867 owed to the victims of their crimes as of April 16, 2024;

WHEREAS Silver has a substantial nonexempt interest in the funds held by the third-party respondents, to which the criminal judgment lien has attached;

WHEREAS the Government and Silver now seek to preserve the nonexempt property held by the third-party respondents until further notice, notwithstanding the date that any of them received each restraining notice;

WHEREAS, notwithstanding this Stipulation, Silver reserves his right and ability to challenge the Restraining Notices should the Government seek a turnover order for his nonexempt property;

IT IS HEREBY STIPULATED AND AGREED that a federal lien has been imposed on all property and rights to property in the accounts of MARTIN SILVER held by each third-party respondent that restricts his ability to take loans against or otherwise receive distributions from those accounts, and this lien is extended to secure MARTIN SILVER's nonexempt property until September 24, 2024.

Dated: New York, New York
September 11, 2024

*/s/ Nola Heller*
NOLA HELLER
Milbank
55 Hudson Yards
New York, NY 10001-2163
Telephone No.: (212) 530-5108
*Attorney for Defendant-Judgment Debtor*

DAMIAN WILLIAMS
United States Attorney

*/s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
Chief, Civil Division
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2695

SO ORDERED.

Dated: 9/12/24
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge

Stipulation Extending Federal Lien on Personal Property – Page 3