UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

UNITED STATES OF AMERICA,                          :

                          Judgement Creditor    :

     – against –                                              :

MARTIN SILVER,                                          :

                    Judgment Debtor,      :

     and                                                          :

SCHULMAN LOBEL LLP,                              :

              Third-Party Respondent.    :

--------------------------------------------------------------- X

**ORDER DENYING**
**MOTION TO QUASH**

20 Cr. 360 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Judgment Debtor Martin Silver moves to quash the Government's subpoena served on Third-Party Respondent Schulman Lobel LLP, the accounting firm which prepares his taxes. He avers that the subpoena is irrelevant, speculative, and unduly burdensome. I disagree.

A court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(B)(i). The "party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue," after which, "the burden then shifts to the movant to demonstrate an undue burden." *Gresch v. United Parcel Serv. of Am., Inc.*, 21 Civ. 5383 (KPF), 2022 WL 1125621, at *1 (S.D.N.Y. Apr. 15, 2022) (citation omitted). "When a party moves to quash a subpoena on privacy grounds a court must weigh the probative value of the documents sought against the privacy interests asserted," namely whether "disclosure will result in a clearly defined, specific and serious injury." *In re Subpoenas Served on Lloyds Banking Group PLC*, 21 Misc. 376 (JGK) (SN), 2021 WL 3037388, at *4 (S.D.N.Y. July 19, 2021) (citation omitted).

The Government bears responsibility for collecting restitution owed to victims, 18 U.S.C. § 3612(c), and may seek "discovery regarding the financial condition of the debtor" under "the Federal Rules of Civil Procedure." 28 U.S.C. § 3015(a). A judgment creditor "may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69(a)(2). "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Repub. of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). Accordingly, the Government may properly subpoena any individual or entity which has information about a defendant's financial condition. *See United States v. Patiwana*, 267 F. Supp. 2d 301, 304-06 (E.D.N.Y. 2002).

"[I]nformation regarding a party's assets for purposes of enforcing a judgment is crucial and the importance weighs in favor of compelling disclosure." *NML Cap., Ltd. v. Repub. Of Argentina*, 03 Civ. 8845 (TPG), 2013 WL 491522, at \*10 (S.D.N.Y. Feb. 8, 2013). Thus, "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." *EM Ltd. v. Repub. of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also Sberbank of Russia v. Traisman*, 14 Civ. 216, 2016 WL 4479533, at \*3 (D. Conn. Aug. 23, 2016) (denying motion to quash subpoena issued to judgment debtor's accountant). In judgment enforcement, a debtor's tax returns are especially relevant and discoverable. *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 295 (E.D.N.Y. 2011).

Here, the Government's subpoena to Schulman Lobel LLP is highly relevant, material, and probative given the complexity of Silver's scheme, discrepancies between his financial affidavit to the Probation Office and his 2022 Tax Return, and his possible transfer of marital assets to his wife. The subpoena's returns will shed light on Silver's income and assets, and help the Government fulfill its statutory duty of collecting restitution owed to Silver's victims. Meanwhile, Silver has neither demonstrated how Schulman Lobel LLP's compliance with the

subpoena will pose an undue burden on him, nor how the disclosure of his tax records to the

Government "will result in a clearly defined, specific and serious injury" to his privacy. *In re*

*Subpoenas Served on Lloyds Banking Group PLC*, 2021 WL 3037388, at *4. Accordingly, I

deny Silver's motion to quash the Government's subpoena.

The Clerk of Court shall terminate ECF No. 152.

SO ORDERED.

Dated:      November **6**, 2024
                New York, New York

                                   ALVIN K. HELLERSTEIN
                                   United States District Judge