UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
UNITED STATES OF AMERICA,
                          Judgment Creditor,

    - against -

MARTIN SILVER,
                          Judgment Debtor,

and

THE VANGUARD GROUP, INC.,
BRIGHTHOUSE FINANCIAL, INC.,
COMPUTERSHARE, and AON,
                          Third-Party Respondents.
------------------------------------------------------------------ X

**OPINION AND ORDER GRANTING, IN PART, GOVERNMENT'S MOTION FOR A MODIFICATION OF RESTITUTION SCHEDULE AND TURNOVER ORDER**

20 Cr. 360 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The Government moves for a turnover order for the full liquidated value of Judgment Debtor Martin Silver's accounts at the Vanguard Group, Inc., Brighthouse Financial, Inc., Computershare, and Aon (the "Subject Accounts") and a modification of Silver's restitution payment schedule. I heard arguments from the parties on December 16, 2024 and reserved my decision. I grant the Government's motion to the extent specified below, but I otherwise deny the remainder of the Government's motion.

    Silver pleaded guilty to charges of securities fraud, wire fraud, and conspiracy to commit fraud to institutional investors by selling fake and overvalued loans. ECF Nos. 46, 96. I sentenced Silver to 13 months' imprisonment, and ordered Silver, jointly and severally with his co-defendant, David Hu, to pay $364,402,116.08 in restitution to their victims. ECF Nos. 100, 171. The judgment required Silver to pay the initial $40,000 of restitution as a lump sum by February 28, 2023, and to pay the balance of the restitution at a rate of 10 percent of his monthly net income following his release from prison. ECF No. 100. As of the date of the filing of the

1

Government's motion, Silver paid $41,125 in restitution, while Hu paid $3,666,624 in restitution.[1] ECF No. 142.

A restitution order is generally considered to be a final judgment and can be modified only in a few prescribed circumstances. *See* 18 U.S.C. § 3664(o). The statute provides as follows:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such a sentence can subsequently be—
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

Except for one such circumstance described below, the reference in 18 U.S.C. § 3664(o)(1)(D) to section 3664(k), none of these exceptions exist here, and therefore, I do not possess the authority to do what the Government asks me to do: order liquidation of the full amount of Silver's accounts and increase Silver's restitution payment schedule. 18 U.S.C. § 3664(o); *United States v. Burko*, 10 Cr. 291 (KMK), 2023 WL 3195943, at *3-*4 (S.D.N.Y. May 2, 2023); *United States v. Holden*, 908 F.3d 395, 403-04 (9th Cir. 2018); *United States v. Martinez*, 812 F.3d 1200, 1203 (10th Cir. 2015). *United States v. Lumiere*, 16 Cr. 483 (JSR), 2021 WL 4710778 (S.D.N.Y. Oct. 7, 2021), cited by the Government, is distinguishable since that case involved the collection of a fine where the defendant had sold property and come into possession of its cash value. Indeed, in *Lumiere*, Judge Rakoff distinguished *Holden* and *Martinez*, since those cases addressed "restitution orders" and "did not deal with fines." 2021 WL 4710778, at

---

[1] At oral argument, Silver's counsel stated that Silver had made a restitution payment of approximately $4,500 at the beginning of December, following the filing of the Government's motion. Tr. of Dec. 16, 2024 Oral Arg. at 31-32.

2

*1. And though 18 U.S.C. § 3613(f) makes the provisions of section 3613 applicable to "the enforcement of an order of restitution," I hold that section 3664(o)—which specifically and exclusively governs the finality of restitution orders—controls over the more general provisions of section 3613. *See Greene v. United States*, 79 F.3d 1348, 1355 (2d Cir. 1996) ("When two statutes are in conflict, that statute which addresses the matter at issue in specific terms controls over a statute which addresses the issue in general terms, unless Congress has manifested a contrary aim.").

One of the limited exceptions to the finality of a restitution order is 18 U.S.C. § 3664(k). The statute provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Since the date of Silver's Pre-Sentence Report ("PSR"), the Subject Accounts have collectively appreciated in value by $1,540,507.33, or nearly 35 percent. *Id.* The following table depicts the amounts of funds in these accounts as of the date of the PSR and the present, including their appreciation over time:

3

| Asset | PSR | Answer in 2023 | Updated in 2024 | Change |
|---|---|---|---|---|
| Vanguard IRA | $3,142,930.41 | $3,331,458.57 | $4,616,367.34 | $1,473,436.93 |
| Vanguard Brokerage | $7,335.92 | $8,683.50 | $10,289.32 | $2,953.40 |
| Brighthouse Life Ins. | $257,612 | $271,149 | $274,062 | $16,450 |
| Computershare MetLife | $39,172 | $35,059.20 | $39,801 | $629 |
| Computershare Brighthouse Financial | $2,730 | $2,580 | $2,372 | ($358) |
| AON Life Ins. | $123,495 | $157,420 | $170,891 | $47,396 |
| Total | $3,573,275.33 | $3,806,350.27 | $5,113,782.66 | $1,540,507.33 |

I hold that this appreciation, as depicted above, constitutes a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," which allows me to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Thus, I am permitted to modify Silver's restitution order to account for this appreciation.[2] *See United States v. Grant*, 235 F.3d 95, 100-01 (2d Cir. 2000) (affirming amended restitution order due to material change in defendant's economic circumstances stemming from unfreezing of inmate account); *see also United States v. Gilmartin*, 12 Cr. 287 (VEC), 2018 WL 2059650 (S.D.N.Y. May 1, 2018), *aff'd* 803 F. App'x 538, 539 (2d Cir. 2020) (amending restitution order since defendant's election of Social Security benefits after his release from prison constituted a material change in his economic circumstances); *United States v. Moglia*, 573 F. Supp. 3d 850, 852-53 (E.D.N.Y. 2021) (granting Government's turnover motion where defendant accumulated approximately $11,000 in trust

---

[2] At oral argument, Silver's counsel agreed, stating "I would submit that the correct mechanism would be under [§] 3664(k)" and that "[§] 3664(k) would provide, as your Honor discussed with [the Assistant U.S. Attorney], the correct mechanism instead to amend the installment payment." Tr. of Dec. 16, 2024 Oral Arg. at 34-35.

account following his sentencing since it constituted a material change in his economic circumstances).

Accordingly, I order Silver to liquidate the appreciation of the Subject Accounts and make immediate payment to his victims pursuant to the restitution schedule. Specifically, as to Silver's Brighthouse, Computershare, and Aon accounts, he shall make immediate payment in full, due no later than January 30, 2025, of the full appreciation of those accounts since the date of the PSR. As to Silver's Vanguard IRA account, he shall make immediate payment in full, due no later than January 30, 2025, of the full appreciation of the account since the date of the PSR, less ten percent to defray the cost of taxes on such a distribution.[3]

The Clerk shall terminate ECF No. 141.

SO ORDERED.

Dated:     December 18, 2024
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[3] Since Silver is older than 59.5 years old, he would not be assessed an additional tax penalty for withdrawing money from his IRA. *See* 26 U.S.C. § 72(t)(2)(A)(i).

5