UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
UNITED STATES OF AMERICA,

          - against -

MARTIN SILVER,

                             Defendant
------------------------------------------------------------------ X

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

20 Cr. 360 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Martin Silver moves by letter of July 22, 2025 for early termination of his three-year term of supervised release. I deny this request.

## BACKGROUND

For more than a decade, Silver and his co-defendant, David Hu, engaged in a nine-figure scheme to defraud institutional investors by selling them overvalued and fake loans. After Silver pleaded guilty to charges of wire fraud, securities fraud, and conspiracy to commit fraud, on February 8, 2023, I sentenced him to 13 months' imprisonment, to be followed by three years' supervised release. *See* ECF No. 101. I also ordered Silver and Hu to pay $364,402,116, jointly and severally, in restitution to their victims. *Id.*

Silver was released from prison on November 9, 2023. Shortly less than a year thereafter, on September 24, 2024, the Government moved for a turnover order and modification of Silver's restitution schedule, averring that he "owns considerable non-exempt assets, which have grown substantially in the past year, that could be applied towards payment of the judgment," yet "has paid very little towards his substantial criminal restitution judgment." ECF No. 143. Silver then filed a motion to quash the Government's subpoena on his accountant to locate assets that could be used to satisfy Silver's restitution judgment. *See* ECF Nos. 152-53. I denied the motion to

1

quash, *see United States v. Silver*, 20 Cr. 360 (AKH), 2024 U.S. Dist. LEXIS 203456 (S.D.N.Y. Nov. 6, 2024), and I granted, in part, the Government's motion for a turnover order and modification of Silver's payment schedule by ordering Silver to liquidate the appreciation of his IRA and other financial accounts and pay those monies towards restitution, *see United States v. Silver,* 20 Cr. 360 (AKH), 2024 U.S. Dist. LEXIS 229822 (S.D.N.Y. Dec. 18, 2024). This amount totaled $2 million, and constitutes the bulk of the approximately $2,046,725 in restitution Silver has remitted to date. *See* ECF No. 180.

## DISCUSSION

A court may, "after considering the factors set forth in" 18 U.S.C. § 3553(a), "terminate a term of supervised release" if the defendant has served at least one year of supervised release, and if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination of supervised release "is not warranted as a matter of course." *United States v. Rusin,* 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015). "Occasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of Section 3553(a)." *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997). But a "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Bouchareb,* 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014).

Silver avers that his compliance with his conditions of supervised release, his founding of "the Martin Silver Scholarship focused on business ethics," his support of efforts undertaken by

2

the State of Israel to redeem individuals arrested in other countries, and his efforts to empower "a severely impoverished Native American tribe" warrant early termination of supervised release. Noting Silver's "compliance with his conditions of supervision," his Probation Officer does not oppose early termination of supervised release. The Government, and several of Silver's victims, do. I agree with them.

Silver has not proffered any changed circumstances impacting the Section 3553(a) factors. *See Lussier*, 104 F.3d at 36. His contention that his good behavior entitles him to the termination of supervised release rings hollow. *See Bouchareb*, 76 F. Supp. 3d at 480. Full and complete compliance with the terms of supervised release is what is expected of every supervisee, and is not grounds for an early termination thereof. Continued supervised release is critical to fulfilling "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). "The Court further finds that early termination would be particularly inappropriate in light of the fact that Petitioner still has outstanding restitution obligations." *Whittingham v. United States*, 12 Civ. 971 (RJS), 2017 U.S. Dist. LEXIS 77454, at *20 (S.D.N.Y. May 20, 2017). Here, supervision by the Probation Department will help ensure that Silver continues to pay the hundreds of millions of dollars in restitution that he still owes to his victims.

Based on the foregoing, I deny Silver's request for early termination of supervised release.

The Clerk of Court shall mail a copy of this Order to Silver.

SO ORDERED.

Dated:  August 7, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3