UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Judgment Creditor, | |
| v. | 20 CR 0360 (AKH) |
| MARTIN SILVER, |  |
| Judgment Debtor, | **FINAL ORDER**<br>**OF GARNISHMENT** |
| and | |
| SUZANNE SILVER, STONE CONROY, LLC,<br>KEITH WINTERS WENNING & HARRIS,<br>LLC and VILLANI & DeLUCA, P.C., | |
| Garnishees. | |

This matter is pending before the Court for entry of a dispositive order in the above-captioned garnishment proceeding. Upon the filings of the litigants, the Court orders the following:

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3202, 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishees, SUZANNE SILVER, STONE CONROY, LLC, KEITH WINTERS WENNING & HARRIS, LLC and VILLANI & DeLUCA, P.C., for substantial nonexempt property belonging to or due the Judgment Debtor, MARTIN SILVER (Dkts. 216-21, 227);

WHEREAS, on September 25, 2025, the Court entered a Stipulation and Order detailing the terms of a Settlement between the Government and Garnishee SUZANNE SILVER to avoid litigation of fraudulent transfer claims regarding certain real properties, including 1 Plaza Court, Long Branch, New Jersey (the "Long Branch Property") and/or the proceeds therefrom (Dkt. 215);

WHEREAS, the Stipulation and Order requires, among other things, the payment of $166,000.00 in proceeds from lawsuits that Judgment Debtor MARTIN SILVER and Garnishee SUZANNE SILVER filed, via Garnishee STONE CONROY, LLC, against multiple contractors who built a custom home on the Long Branch Property to be paid to the Clerk of Court in this case (*see id.*);

WHEREAS, on October 28, 2025, the Court docketed the Answer of the Garnishee, STONE CONROY, LLC, dated October 16, 2025, stating that it holds $515,500.00 in its attorney trust account, which represents net proceeds due or owing to MARTIN SILVER and/or SUZANNE SILVER from various settlements with defendants in the lawsuits filed regarding the construction of a custom home on the Long Branch Property (Dkt. 225);

WHEREAS Garnishee STONE CONROY, LLC's answer states that in February 2023, MARTIN SILVER directed that all recoveries from the litigation regarding the Long Branch Property should be paid only to SUZANNE SILVER, and that upon the written demands it received from the Government and SUZANNE SILVER, it planned to disburse $166,000.00 of the funds it held to the Clerk of Court pursuant to the Stipulation and Order in this case, but that on September 25 2025, attorneys for MARTIN SILVER asserted that STONE CONROY, LLC cannot disburse those funds due to an order from the New Jersey divorce court (*see id.*);

WHEREAS, Garnishee KEITH WINTERS WENNING & HARRIS, LLC, divorce attorneys for SUZANNE SILVER, sent its Answer of the Garnishee to the Court on October 15, 2025 stating that it did not have any property belonging to or due the judgment debtor in its possession, custody, or control (undocketed);

WHEREAS, on October 28, 2025, the Court docketed the Answer of the Garnishee VILLANI & DeLUCA, P.C., divorce attorneys for MARTIN SILVER, dated October 20, 2025,

stating that it did not have any property belonging to or due the judgment debtor in its possession, custody, or control (Dkt. 223);

WHEREAS, on October 31, 2025, the Court docketed letters from attorneys for the Judgment Debtor, MARTIN SILVER, including a letter from his divorce attorney at Garnishee VILLANI & DeLUCA, P.C. dated October 29, 2025, which acknowledged that he lacked standing to object to the Stipulation and Order between the Government and Garnishee SUZANNE SILVER for the disposition of the funds held by Garnishee STONE CONROY, LLC because he had previously transferred the Long Branch Property and/or the proceeds therefrom to SUZANNE SILVER (Dkt. 226);

WHEREAS, in compliance with the FDCPA, the Government served the Judgment Debtor with the garnishment process on October 29, 2025 (Dkt. 227);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to a Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing from the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after each Garnishee files an answer, if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS 18 U.S.C. § 3613(a) provides the exclusive and limited property exemptions applicable to criminal judgment debts, and 18 U.S.C. § 3664(m)(1)(A) permits the Government to enforce unpaid restitution via 18 U.S.C. §§ 3571-3574 and §§ 3611-3615 or by all available and reasonable means;

**Final Order of Garnishment - Page 3**

WHEREAS, pursuant to 18 U.S.C. §§ 3613(c), (d), the federal lien in favor of the Government that attached to all property and rights to property of MARTIN SILVER at his sentencing on February 8, 2023 has priority over any subsequent orders entered in the divorce action *Suzanne Silver v. Martin Silver*, No. FM-13-263-24 (N.J. Sup. Ct., Monmouth Co.) filed on August 22, 2023;

WHEREAS the Judgment Debtor, MARTIN SILVER, owes more than $358 million in unpaid restitution to the victims of his crime;

IT IS HEREBY ORDERED that the Garnishees, STONE CONROY, LLC and SUZANNE SILVER, shall immediately pay the sum of $166,000.00 to the Clerk of Court from the funds that STONE CONROY, LLC holds for SUZANNE SILVER pursuant to the Stipulation and Order (Dkt. 215). Payment should be made to "Clerk of Court" with "No. 20 CR 0360-02" written on the face of the payment and mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier. After the ordered payment is made, the Writs of Garnishment (Dkts. 217-20) shall be terminated in accordance with 28 U.S.C. § 3205(c)(10).

Dated: New York, New York
       March, 2026

_____
UNITED STATES DISTRICT JUDGE

**Final Order of Garnishment - Page 4**