# ALLEN M. LOWY
### ATTORNEY AT LAW

---

One Columbus Place, Suite S43E
New York, New York 10019
Tel: (917) 306-7600
amlowy@amllaw.com

February 22, 2026

VIA ECF
Hon. Alvin K. Hellerstein
United States District Judge for the
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

*The request is denied and the final writ shall be issued.*

*[signature]*

*U.S.D.J.*

*March 5, 2026*

Re: **United States v. Martin Silver, 1:20 CR 360 (AKH)**

Dear Judge Hellerstein:

On February 9, 2026, I filed a notice of appearance on Mr. Martin Silver's behalf.

As you are aware, Mr. Silver has been in divorce proceedings in Monmouth County, New Jersey with Suzanne Silver. I am also aware of the post-conviction issues pertaining to Mr. Silver.

In reviewing the docket before Your Honor, I believe it is critically important to address certain vital issues relating to the matrimonial dispute. Accordingly, in order to clarify the record and articulate Mr. Silver's position, I have requested that his attorney in the matrimonial case, Michael Ayres of Villani & DeLuca, P.C., provide Your Honor with a concise statement of the current status of that case. Mr. Ayres' letter to Your Honor is enclosed.

We will, of course, provide Your Honor with any additional information the court may request.

Respectfully submitted,
Allen M Lowy

Enclosure
cc: All Counsel on Service List



## VILLANI & DELUCA P.C.

ATTORNEYS AT LAW | EST. 1996



CARMINE R. VILLANI
VINCENT C. DELUCA - NJ & NY *†

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A MATRIMONIAL LAWYER
† R. 1:40 QUALIFIED MEDIATOR

GINA J. RAVASCHIERE
TIMOTHY L. HORN
MICHAEL C. AYRES†
BENJAMIN M. HOFFMAN
CHRISTIAN J. WAGNER

703 RICHMOND AVENUE (ROUTE 35 SOUTH) POINT PLEASANT BEACH, NJ 08742
WWW.VILLANIDELUCA.COM
PHONE: (732) 892-9050    FAX: (732) 892-9053

February 20, 2026

**VIA ECF**
Hon. Alvin K. Hellerstein

>        Re      **Silver, Martin v. Silver,**
>                **Docket No. FM-13-263-24**

Dear Judge Hellerstein:

Please be advised that I am writing this letter to be forwarded to Your Honor through Allen M. Lowy, Esq., who has filed a Notice of Appearance on behalf of Mr. Silver. I represent Mr. Silver in his divorce proceedings. I previously provided a letter through Mr. Silver's criminal counsel on October 29, 2025 to address the inaccuracies by the DOJ as it relates to Mr. Silver in his divorce proceedings.

I understand there is presently a letter motion filed by the DOJ (Dkt. 238) to seek the release of monies held in Trust by Shalom Stone, Esq. in relation to a prior lawsuit for which Mr. Silver's spouse, Suzanne Silver, has forfeited 40% of the proceeds, as well as 40% of the proceeds of two real properties, one in Long Branch, New Jersey; and the other in New York City. Mr. Silver was not a party to this agreement. I write to request that the Court delay any ruling on the government's motion, as these proceeds are currently subject to another court order restricting their dissemination.

After Mrs. Silver filed for Divorce on August 22, 2023, numerous court orders associated with their divorce proceeding have been docketed and executed by the Monmouth County Superior Court under docket FM-13-263-24. Specifically, there was an Order from the Monmouth County Superior Court entered on February 20, 2024 which indicated in paragraph 10, that:

> "Neither party shall transfer, encumber, assign, remove, withdraw or in any way dispose of, without the consent of the other party in writing, or by Order of the Court, any property (including, but not limited to, real estate, personal property, cash accounts, stocks,

mutual funds, bank accounts, cars, and boats) individually or jointly held by the parties, except in the usual course of business, for customary and usual household expenses or for reasonable attorney's fees in connection with this action."

The parties have further entered into binding arbitration in their divorce, and there is presently motion practice in regards to this language. Accordingly, Mr. Silver feels compelled to ask this Court to delay any ruling until such time this matter is further addressed in arbitration.

The lawsuit proceeds at issue here relates to a dispute with a contractor who did work on the Long Branch property mentioned above that is owned by Susanne Silver. The DOJ has argued that the Long Branch property was fraudulently transferred to Mrs. Silver by Mr. Silver, thus justifying forfeiture of the property and the proceeds from the lawsuit. To clarify the record, there was no such fraudulent transfer. As explained in the briefing regarding the government's motion to seize the entire contents of Mr. Silver's retirement accounts, in 2014, the Long Branch property was originally deeded jointly to Mr. and Mrs. Silver in error and contrary to the Silvers' instructions. When the Silvers realized this error in 2017, the deed was corrected, as Mr. and Mrs. Silver's estate plan provided that all properties were to be held by her alone, while Mr. Silver's retirement accounts were held by him alone. *See* Dkt. 151, Silver Brief at p.9, and Ex. 7 (corrective deed). Mr. Silver feels compelled to correct the record on this issue, and categorically denies any criminality or fraud in connection with the Long Branch property. In addition, it is important to note that Mr. Silver was a party to the Long Branch contractor litigation for no other reason than the fact that he was a party to the contract signed with the construction firm. He does not and has not ever claimed any ownership interest in the lawsuit proceeds or the Long Branch property, as the DOJ misleadingly insinuates.

Accordingly, I respectfully request that the Court delay any ruling on the government's motion relevant to the lawsuit proceeds, as they are subject to a binding Court order in Monmouth County Superior Court. I thank Your Honor for the courtesies permitted.

> Very truly yours,
> VILLANI & DELUCA, P.C.
> **Michael C. Ayres**
> Michael C. Ayres, Esq.
> For the Firm

MCA:nmm
Enc.
cc:    Martin Silver / via email